IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| W.J.C.C., | ) | |
| | ) | |
|     Petitioner, | ) | Civil Action No. 3:25-cv-153 |
| | ) | |
| v. | ) | Judge Stephanie L. Haines |
| | ) | Magistrate Judge Patricia L. Dodge |
| DONALD J. TRUMP, *et al.*, | ) | |
| | ) | |
|     Respondents. | ) | |

## REPORT AND RECOMMENDATION

**I.   RECOMMENDATION**

For the reasons below, it is recommended that the Court deny as moot the second claim for relief ("Claim II") set forth in the First Amended Petition for Writ of Habeas Corpus (ECF 25) filed by W.J.C.C. ("Petitioner").

**II.   REPORT**

Petitioner is a native and citizen of Venezuela who is in immigration custody at the Moshannon Valley Processing Center, which is located within the territorial boundaries of the Western District of Pennsylvania. Pending before the Court is his First Amended Petition for Writ of Habeas Corpus (ECF 25) in which he raises two grounds for relief.

In what shall be referred to as Claim I, Petitioner asserts a violation of his right to due process with respect to his imminent removal under the Alien Enemies Act ("AEA"). (ECF 25 at 18-19.) In an order dated June 18, 2025 (ECF 38), the Court granted in part Petitioner's motion for preliminary injunctive relief regarding Claim I. Respondents appealed. *W.J.C.C. v. President United States of America, et al.*, No. 25-2332 (3d Cir.) On July 29, 2025, the Third Circuit Court of Appeals stayed the appeal pending the decision in *W.M.M. v. Trump*, No. 25-10534 (5th Cir.)

1

In Petitioner's second claim, which shall be referred to as Claim II, he separately challenges his mandatory detention without bond under 8 U.S.C. § 1226(c) pending his removal proceedings.[1] Specifically, Petitioner alleges that during a hearing held in Immigration Court on May 13, 2025, the government asserted for the first time, and without prior notice to his counsel, that the Immigration Judge ("IJ") lacked jurisdiction to consider his bond request because Petitioner is associated with the Venezuelan criminal gang Tren de Aragua ("TdA"). (ECF 25 ¶¶ 5-6.) According to Petitioner, "[b]ased solely on [a] single-sentence allegation in Petitioner's I-213 and without any documentary evidence substantiating it, the IJ agreed with ICE and denied the bond request for lack of jurisdiction under 8 C.F.R. § 1003.19(h)." (*Id.* ¶ 5.)

In the Amended Petition, Petitioner asserts in Claim II that the IJ's decision violated his right to due process because the IJ failed to adhere to the procedure set forth in *Gayle v. Warden Monmouth County Correctional Inst.*, 12 F.4th 321 (3d Cir. 2021), which established that the government bears the initial burden at a bond hearing to demonstrate by a preponderance of the evidence that a non-citizen is statutorily ineligible for bond. (*Id.* ¶ 6; *see also id.* ¶¶ 34-40, 48-63, 66-67.) As relief on Claim II, Petitioner seeks an order from this Court that declares that the procedures at his May 13, 2025 hearing violated his due process rights and that, therefore, Respondents must arrange that he receive a "constitutionally adequate hearing at which the government must prove its TdA allegation by a preponderance of the evidence in order to deprive the Immigration Court of jurisdiction to grant him bond." (*Id.* ¶ 7; *see also id.* ¶¶ 63, 66-67.)

---

[1] 8 U.S.C. § 1226 governs the detention of non-citizens pending their removal proceedings. Section 1226(a) provides non-citizens the right to seek bond. Section 1226(c) subjects certain non-citizens to mandatory detention without bond, including those who are inadmissible under § 1182 (a)(3)(B) or deportable under § 1227(a)(4)(B). Section 1226a also governs the "[m]andatory detention of suspected terrorists."

2

In an order dated June 18, 2025, the Court referred Claim II only to this Magistrate Judge. (ECF 38.) Thus, this Report and Recommendation discusses only what is relevant to the Court's disposition of Claim II.

In the Answer to the Amended Petition (ECF 39), Respondents asserted that the Court should deny Claim II for lack of merit. Petitioner then filed the Reply (ECF 44.)

Thereafter, on September 19, 2025, Petitioner filed a Notice (ECF 51) regarding developments in his immigration proceedings. Petitioner reported that on August 13, 2025, he had an individual hearing on his claims for relief from removal before an IJ.[2] Petitioner was granted relief at the conclusion of this hearing. That is, Petitioner is now subject to a final order of removal but the IJ granted withholding of removal, which blocks his removal to Venezuala. (*Id.* at 1-2.)

Importantly, because Petitioner is now subject to a final order of removal, he is no longer detained under § 1226. He is now detained under 8 U.S.C. § 1231(a), which applies to noncitizens with outstanding final removal orders. This statute provides that "when an alien is ordered removed, the Attorney General shall remove the alien from the United States within a period of 90 days." 8 U.S.C. § 1231(a)(1)(A). The noncitizen *must be detained* during this 90-day timeframe, *id.* § 1231(a)(2), which is "referred to as the 'removal period.'" *Id.*, § 1231(a)(1)(A). If the noncitizen "does not leave or is not removed within the removal period," then he or she is normally subject to supervised release. 8 U.S.C. § 1231(a)(3). However, § 1231(a)(6) provides that certain categories of non-citizens who have been ordered removed, including inadmissible and criminal noncitizens or noncitizens whom the Attorney General has determined are a risk to the community

---

[2] Petitioner asserts that at the August 13, 2015 hearing, Respondents expressly conceded that ICE did not object to the IJ affording diminished weight to the statements in the I-213 alleging that he was a member of TdA. Respondents do not agree with Petitioner's representation of their position regarding the connection between Petitioner and TdA. (ECF 52 at 1 n.1).

3

or are unlikely to comply with the order of removal, "*may be detained* beyond the removal period[.]" (Emphasis added.)

In their response to Petitioner's Notice (ECF 52), Respondents suggest that Claim II is moot and that any claim Petitioner would seek to bring at this time challenging his detention under § 1231(a) is premature. Respondents note that if Petitioner is not removed with the 90-day removal period, and if it was then determined that he is ineligible for a bond hearing, he may at some point have available to him a claim under *Zadvydas v. Davis*, 533 U.S. 678 (2001).[3] But any *Zadvydas* claim would be premature at this time, Respondents explain, because Petitioner has yet to be held beyond the presumptively reasonable 6-month period established in *Zadvydas* (*see* footnote 3).

After Respondents filed their response to Petitioner's Notice, the Court issued an order directing Petitioner to show cause why Claim II is not moot given that a final order of removal has

---

[3] In *Zadvydas*, the government argued that § 1231(a)(6) "means what it literally says. [That is, it] sets no limit on the length of time beyond the removal period that an alien who falls within one of [§] 1231(a)(6) categories may be detained." 533 U.S. at 689 (citation and internal quotations omitted). The government's position was that whether to continue to detain an alien under § 1231(a)(6) "and, if so, in what circumstances and for how long, is up to the Attorney General, not up to the courts." *Id.* (citation and internal quotations omitted).

The *Zadvydas* Court rejected the government's proposed interpretation of § 1231(a)(6). It outlined the due process concerns that would be implicated by a statute permitting indefinite detention. *Id.* at 690-96. Invoking the canon of constitutional avoidance so that it did not have to decide whether § 1231(a)(6) violated the Fifth Amendment's Due Process Clause, the Supreme Court interpreted the statute to contain an implicit temporal limit. It held that the statute, "read in light of the Constitution's demands, limits an alien's post-removal-period detention to a period reasonably necessary to bring about the alien's removal from the United States. It does not permit indefinite detention." *Id.* at 689.

The *Zadvydas* Court held that post-removal detention for six months is "presumptively reasonable." *Id.* at 701. Beyond six months, if removal is no longer reasonably foreseeable, continued detention is no longer authorized under § 1231(a)(6). At that point, the Supreme Court explained, a noncitizen could bring a claim in a federal habeas petition asserting that ICE no longer has the statutory authority for continued detention. *Id.* at 700-01. In such a proceeding, the Supreme Court instructed, the noncitizen must show there is "good reason to believe that there is no significant likelihood of removal in the reasonably foreseeable future[.]" *Id.* at 701. If the noncitizen does so, the burden would then shift to the government to produce "evidence sufficient to rebut that showing." *Id.*

4

been issued and he is now being detained under § 1231(a). (ECF 53.) Petitioner has filed his response (ECF 54) and the matter is ripe for review.

### A.  Discussion

The purpose of a writ of habeas corpus is to challenge the legal authority under which a prisoner is held in custody. *See, e.g.*, *Keitel v. Mazurkiewicz*, 729 F.3d 278, 280 (3d Cir. 2013) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973)). 28 U.S.C. § 2241 provides that "[t]he writ of habeas corpus shall not extend to a [petitioner] unless… (3) He *is in custody in violation of the Constitution or laws or treaties of the United States*[.] (Emphasis added).

As explained above, in Claim II Petitioner contends that his right to due process was violated at his May 13, 2025, bond hearing when he was being detained under § 1226. As relief, he seeks another bond hearing at the which the procedure mandated by *Gayle* is followed. But since Petitioner is now in post-final-removal-order status, he is being detained under § 1231(a). Thus, the circumstances and legal authority under which Petitioner is being detained have changed, and as a result Claim II is moot. *See, e.g.*, *Joshi v. Oddo*, 3:24-cv-34, 2025 WL 1330537, at *3 (W.D. Pa. Jan. 27, 2025) (Haines, J.) (the petitioner's habeas claims, which challenged his detention under § 1226 and the procedure of the bond hearings which resulted in the denial of bond, were moot; after the petitioner raised those claims in his habeas petition he became subject to a final order of removal and, as a result, his detention shifted from being under § 1226 to under § 1231.)

None of the arguments Petitioner makes to avoid the finding that Claim II is moot have merit. He contends that his "present detention under 8 U.S.C. § 1231 directly flows from [the] previous due process violation tied to his detention under 8 U.S.C. § 1226(c)," (ECF 54 at 1), but he provides no legal support for this contention.

Petitioner also suggests that his current detention has become prolonged such that he has a different due process claim available to him that would entitled him to a bond hearing. If that is the case, Petitioner must raise such a claim in a second amended petition. The due process violation he asserted at Claim II of his Amended Petition is not a moving target. When key facts change in a habeas case, and if it is petitioner's contention that his current detention under those facts is still unlawful, he must amend the petition to raise a new claim that explains why, under the present circumstances, he is in custody in violation of the Constitution, laws, or treaties of the United States. *See* Rule 2(c) of the Rules Governing Section 2254 Cases in the United States District Courts, which also applies to habeas cases filed under § 2241 under Rule 1(b) (a habeas petition must "specify all the grounds for relief available to the petitioner" and "*state the facts supporting each ground*."); *Mayle v. Felix*, 545 U.S. 644, 649 (2005) ("In ordinary civil proceedings, the governing Rule, Rule 8 of the Federal Rules of Civil Procedure, requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief.' Fed. Rule Civ. Proc. 8(a)(2). Rule 2(c) of the Rules Governing Habeas Corpus Cases requires a more detailed statement. The habeas rule instructs the petitioner to 'specify all the grounds for relief available to [the petitioner]' and to "state the facts supporting each ground."); *id.* at 656 ("Notice pleading is not sufficient[.]"); Local Rule 2241.B.2.b (in the petition "[t]he petitioner is to state all grounds for relief, *provide specific facts supporting each argument*, and identify the relief requested.") (emphasis added).[4]

---

[4] Petitioner's citation to *Michelin v. Oddo*, 3:23-cv-22, 2023 WL 5044929 (W.D. Pa. Aug. 8, 2023) is thus misplaced because the claim on which the Court granted relief in that case *was raised by the petitioner in his amended petition*. Moreover, the petitioner in *Michelin* was detained under § 1231(a) when he commenced his habeas case and he remained so throughout the entire litigation. The petitioner in *Michelin* also raised his *Zadvydas* and as-applied procedural due process claims *after* he had been detained beyond § 1231(a)(2)'s 90-day removal period and the presumptively reasonable 6-month period established in *Zadvydas*.

Thus, if Petitioner wants to challenge the lawfulness of his current detention under § 1231(a), he must file a second amended petition to assert the appropriate claim and all facts supporting that claim. *Joshi*, 2025 WL 1330537, at *1-3.

## III. CONCLUSION

Based on the above, it is respectfully recommended that the Court dismiss Claim II as moot. The dismissal should be without prejudice to Petitioner raising a claim or claims challenging his present detention under § 1231(a) in a second amended petition filed in this case or in a petition filed in a subsequent habeas case, as appropriate.

Under the Magistrate Judges Act, 28 U.S.C. § 636(b)(1)(B) and (C), and Rule 72.D.2 of the Local Civil Rules, the parties are allowed 14 days from the date of this Order to file objections to this Report and Recommendation. Failure to do so will waive the right to appeal. *Brightwell v. Lehman*, 637 F.3d 187, 193 n.7 (3d Cir. 2011).


Dated: November 7, 2025                /s/ Patricia L. Dodge
                                       PATRICIA L. DODGE
                                       UNITED STATES MAGISTRATE JUDGE