IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| W.J.C.C., )<br>)<br>        Petitioner, )<br>)<br>vs. )<br>)<br>DONALD J. TRUMP, *In His Official* )<br>*Capacity as President of the United States, et* )<br>*al.*, )<br>)<br>        Respondents. ) | Civil Action No. 3:25-cv-153<br>Judge Stephanie L. Haines<br>Magistrate Judge Patricia L. Dodge |

## MEMORANDUM ORDER

Presently before the Court is a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 filed by Petitioner W.J.C.C. ("W.J.C.C."). (ECF No. 25). Therein, W.J.C.C. advanced two claims: (1) that Respondents were violating his rights under the Fifth Amendment of the United States Constitution as they sought to remove him under the Alien Enemies Act (the "AEA") ("Claim I") and (2) that Respondents were violating his rights under the Fifth Amendment with respect to his continued detention without bond ("Claim II"). (*Id.* at 18–19).

On June 18, 2025, the Court issued an Opinion (ECF No. 37) and Order (ECF No. 38) relative to Count I, finding that Petitioner had met his burden to obtain a Preliminary Injunction requiring that Respondents afford him greater notice before removing him pursuant to the AEA than they had intended to provide. (ECF No. 38 at 1). The Court also denied W.J.C.C.'s request for a preliminary injunction in all other respects. (*Id.* at 2). Finally, the Court referred Claim II to Magistrate Judge Patricia L. Dodge ("Judge Dodge") so that she could address that claim in the first instance.

On July 8, 2025, the Court issued an Order directing that Claim I was stayed pending further order of Court. (ECF No. 43). Then, on July 15, 2025, Respondents filed a Notice indicating

1

that they were appealing the Preliminary Injunction that this Court granted on June 18, 2025, to the United States Court of Appeals for the Third Circuit. (ECF No. 46). As of the date of this Memorandum Order, Claim I remains before the Third Circuit.

With respect to Claim II, on November 7, 2025, Judge Dodge issued a Report and Recommendation (ECF No. 55) recommending that Claim II, set forth in W.J.C.C.'s Amended Petition (ECF No. 25), be dismissed as moot. Judge Dodge advised the parties that they could file objections to the Report and Recommendation by November 21, 2025. *See* 28 U.S.C.§ 636 (b)(1)(B) and (C) and Local Civil Rule 72.D.2. (ECF No. 55 at 7). Neither party has filed any objections, and the time to do so has expired.

Therefore, upon review of the record and the Report and Recommendation (ECF No. 55) under the applicable "reasoned consideration" standard, *see EEOC v. City of Long Branch*, 866 F.3d 93, 100 (3d Cir. 2017) (standard of review when no timely objections are filed), and pursuant to Local Civil Rule 72.D.2, the Court will accept in whole the findings and recommendations of Judge Dodge in this matter. Judge Dodge correctly deemed Claim II moot in light of the status of W.J.C.C.'s immigration case.

Accordingly, the following order is entered:

## **ORDER**

AND NOW, this 1st day of December, 2025, IT IS ORDERED that Claim II, as set forth in the Amended Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 (ECF No. 25 at ¶¶ 66–67), hereby is DISMISSED AS MOOT. This dismissal is without prejudice to Petitioner raising a claim or claims challenging his present detention under § 1231(a) in a second amended petition filed in this case or in a petition filed in a subsequent habeas case, as appropriate; and,

IT IS FURTHER ORDERED that Judge Dodge's Report and Recommendation (ECF No. 55) is adopted as the Opinion of the Court; and,

IT IS FURTHER ORDERED that this case shall remain STAYED pending the Third Circuit's resolution of Petitioner's appeal.

Stephanie L. Haines
United States District Judge